UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Michael Thomas Monroe, | ) C/A No. 8:12-1357-TLW-JDA |
|---|---|
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) *Partial Summary Dismissal* |
| Maj. Neal Urch; Spartanburg Co. Detention Facility; Officer Shelton; and Officer Fleisher, | ) |
| Defendants. | ) |

This is a civil action filed by a local prisoner. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Having reviewed the pleadings in accordance with applicable law, the undersigned concludes that the Complaint should be summarily dismissed as to Defendant Spartanburg County Detention Facility. In a separately docketed order, the undersigned has authorized service against Defendants Maj. Neal Urch, Officer Shelton, and Officer Fleisher.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review *pro se* complaints and petitions for relief and submit findings and recommendations to the District Court. Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C.

1

§1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint in this case listed "Maj. Neal Urch" and the "Spartanburg Co. Detention Facility" as Defendants. ECF No. 1. Plaintiff files this action, pursuant to 42 U.S.C. § 1983, alleging "cruel and unusual punishment, inmate mistreatment, [and] human rights [violations]" stemming from events alleged to have occurred on/about April 21, 2012, during a 72-hour lockdown at the Spartanburg County Detention Facility. *Id.* at 2-3. Plaintiff, who seeks monetary damages, also discussed two correctional officers, Shelton and Fleisher, in the body of the pleading. *Id.* at 3. Because it was unclear from the Complaint whether Officers Shelton and Fleisher were being named as Defendants in this case, the undersigned issued an order on June 14, 2012, directing Plaintiff to provide service documents for these individuals if he intended to sue them in this action. ECF No. 11. Plaintiff complied with the Court's order. Therefore, Officers Shelton and Fleisher have been added to this case as Defendants.

A claim for relief under § 1983 must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See*

42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.")

Plaintiff's Complaint, insofar as it names "Spartanburg Co. Detention Facility" as a Defendant in this case, does not name a "person" subject to a § 1983 claim. "Spartanburg Co. Detention Facility" is not a proper defendant upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this court. Accordingly, "Spartanburg Co. Detention Facility" should be dismissed as a Defendant and terminated on the docket.

**RECOMMENDATION**

It is recommended that the Complaint be dismissed as to Defendant "Spartanburg Co. Detention Facility," without prejudice and without issuance and service of process. The Complaint should be served on the remaining Defendants, Maj. Neal Urch, Officer Shelton, and Officer Fleisher. Plaintiff's attention is directed to the important notice on the next page.

July 3, 2012
Greenville, South Carolina

s/Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).